IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2110-FL

| | | |
|---|---|---|
| CHARLES EDWARD TURNER, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GEORGE T. SOLOMON, | ) | |
| | ) | |
| Respondent. | ) | |

The matter is before the court on respondent's unopposed motion for summary judgment (DE 9) pursuant to Federal Rule of Civil Procedure 56(a). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment.

**STATEMENT OF THE CASE**

On July 5, 2012, petitioner, a state inmate, pleaded guilty to the disciplinary charge of setting a fire that endangered the life of another person, an A8 disciplinary offense. (Resp't's Ex. 2.) As a result of the A8 disciplinary conviction, petitioner received 30 days of segregation, the loss of 20 days good time credit, 30 days of extra duty, and the loss of institutional privileges. (Id.)

At some point, petitioner discovered that the North Carolina Department of Public Safety ("DPS") Offender Population Unified Systems ("OPUS") changed its classification system for disciplinary offenses. Under OPUS' new classification system, it classifies all A8 disciplinary offenses as "institutionally violent with a weapon," whereas such offenses formally were classified according to specific criteria to determine whether the offense was an institutionally violent offense

with a weapon or without a weapon. (Pet. ¶ 12.) As a result, all A8 disciplinary offenses are classified as institutionally violent offenses <u>with</u> a weapon. (Id.)

Upon discovering OPUS' revised classification system, petitioner contacted DPS Manager of Classification Marshall Pike and requested that his A8 disciplinary offense be classified as "institutionally violent without a weapon." (<u>Id.</u> ¶ 9(g).) In response, Marshall Pike advised petitioner that "facility staff could request an 'over-ride' and he would grant it." (<u>Id.</u>)

On May 29, 2014, petitioner filed this *pro se* habeas petition pursuant to 28 U.S.C. § 2254, challenging the classification of his July 5, 2012, A8 disciplinary offense as institutionally violent with a weapon. Petitioner contends that the "with a weapon" classification of his offense impacts his custody level, and places him in more restrictive confinement conditions. As relief, petitioner requests that the court "order NC DPS to re-classify [his] A8 Institutional Violence as without a weapon." (<u>Id.</u> p. 15.)

On December 9, 2014, respondent filed a motion for summary judgment, arguing that petitioner's claim is non-cognizable on federal habeas corpus. Alternatively, respondent argues that the petition should be dismissed because petitioner failed to exhaust his state court remedies prior to bringing this action. Although petitioner was notified of respondent's motion, he did not respond.

## DISCUSSION

A.  Summary Judgment

1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden

2

of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

    2.    Analysis

The court begins by determining whether petitioner's claim pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution is cognizable in a petition for writ of habeas corpus under 28 U.S.C. § 2254. Federal habeas corpus relief is available only for challenges to the "fact or duration" of an individual's "physical imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Accordingly, "where success in the action would not necessarily spell immediate or speedier release" from imprisonment, a prisoner may not pursue his claims in a habeas corpus proceeding. Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (emphasis in original). Instead, a civil rights action under 42 U.S.C. § 1983 provides the "appropriate remedy." See id.; see also, Hammer v. Pearson, No. 7:14-cv-00313, 2015 WL 467536, at *1 (W.D. Va. Feb. 3, 2015) ("Petitioner's sentence was not impacted by sentence of segregation. Thus, petitioner's claims do not lie within "the core of habeas corpus" and may be brought, if at all, via 42 U.S.C. § 1983.") (quoting Wilkinson, 544 U.S. at 82).

Here, petitioner does not contest the underlying conduct which resulted in the disciplinary conviction, the disciplinary conviction itself, or the loss of earned good time credits. Rather, petitioner makes clear in his petition that his sole reason for bringing this action is to obtain the re-

3

classification of his A8 disciplinary offense as an institutionally violent offense without a weapon so that he may receive a less restrictive custody level which would afford him more institutional privileges. (See Mem. in Supp. of Pet. p. 3.) This distinction is essential to the outcome in this action.[1] Because a favorable determination in this action "would not necessarily spell immediate or speedier release" from incarceration, petitioner's due process claim is not cognizable pursuant to § 2254.[2] See Campbell v. Deboo, No. 1:11cv3, 2011 WL 1694454, at *2 (N.D. W. Va. May 4, 2011) ("In this matter, the petitioner is challenging the manner in which the BOP interprets the nature of his offenses of conviction when calculating his custody classification scale. . . . Therefore, petitioner's challenge is not to the fact or duration of his confinement, but rather to his particular place of confinement. Accordingly, the petitioner must seek relief in a civil rights action."), aff'd, 451 F. App'x 288 (4th Cir. 2011). Thus, petitioner's § 2254 petition is DISMISSED without prejudice.

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondents are entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

---

[1] Again, the court notes that petitioner does not contest any loss of good time credits, but only seeks reclassification of his A8 disciplinary offense.

[2] Alternatively, the action is dismissed without prejudice due to petitioner's failure to exhaust his state court remedies. See 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition.").

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

5

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 9) is GRANTED, and petitioner's § 2254 petition is DISMISSED without prejudice. The Certificate of Appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 2nd day of July, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge